### RAMSEY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 1, 1929.

No. 7870.

Fred A. Tillman, of Pawhuska, Okl. (J. A. Cardigan, of Kansas City, Mo., on the brief), for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, Okl., and T. J. Leahy, Sp. Asst. to Atty. Gen. (O. R. Luhring, Asst. Atty. Gen., and Oliver E. Pagan and Edwin Brown, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

FARIS, District Judge. Ramsey, tried, convicted, and sentenced to imprisonment for life for the crime of murder, for that, in the Indian country, he shot and killed one Henry Roan, sued out this writ of error to reverse such sentence.

The facts and circumstances of the alleged murder, as disclosed by the evidence heard upon the trial, are very voluminous. Moreover, these facts are to be found in the opinion of this court in the case of Hale v. United States, 25 F.(2d) 430, whereat the curious may read them. Hale was jointly tried with Ramsey, and so the record before this court in the Hale Case, supra, is the identical record now before us, in the instant case.

The errors relied on in the Hale Case are, mutatis mutandis, identical with those herein urged, with one other added, of which mention and discussion will be made in this opinion's course. Casual examination of the Hale

Case discloses that this court, upon this identical record, substantially held: (a) That the trial court had jurisdiction, and that the venue of the trial was, upon the case made, the proper venue, and no right to try it in Osage county was shown; (b) that the indictment is sufficient, as against the attack made and the demurrer filed; (c) that the presence, in the grand jury room while the indictment was being considered, of one Paul B. Bailey, a Special Assistant Attorney General, did not invalidate such indictment; (d) that the trial judge was not biased and prejudiced; (e) that the testimony of one Tulk might well have been admitted, but, standing alone, the refusal to admit it was not reversible error; (f) that the refusal of the court to grant a requested severance as to Hale was error, because of the admission against him of the confession of Ramsey; and (g) that it was error to admit the testimony for the government of one Burkhart, to the effect that he had carried a message from Hale to Ramsey, which message had to do with another alleged, but wholly disassociated, murder in which Ramsey was assumed to have been the principal and Hale the abettor. In addition, there is some merited criticism of the argument of counsel for the government, not rising (for technical reasons), however, to the stature of reversible error.

The errors (f) and (g), supra, and the additional one, that the trial court erred in not causing the jury to retire while he heard evidence as to whether the alleged confession of Ramsey, was obtained lawfully and voluntarily, and absent duress, threats, force, and promises, are therefore the only ones presented that at all require discussion. The latter point was seemingly either not urged in the Hale Case, or it was not regarded by the court as meriting discussion.

■ It is so plain, as to require neither authority nor exposition beyond mere statement, that in the matter of the right of Hale to a severance, for that the confession of Ramsey prejudiced him, Ramsey was not prejudiced, however much Hale may have been hurt thereby. For the confession of Ramsey, ceteris paribus, was as to him admissible, whether he got a severance or not.

■ Upon the point that it was error to hear in the presence of the jury the prima facie proof touching the admissibility vel non of the confession of Ramsey, the law and the practice are fairly well settled.

That law and practice are that the trial court should, in the absence of the jury, first hear the evidence upon the prima facie case, when the legality and voluntariness of the confession are brought in question, as they usually are, unless defendant pleads guilty. When the court is satisfied that the government has made a prima facie case, making for admissibility, that is, when the evidence discloses that the confession was made without duress, or violence, promises, or threats, but voluntarily, the jury is called in, and the evidence as to the facts and circumstances of the procurement of the confession is heard by the jury. Evidence contra is, in the course of the trial, offered by the defendant, and the confession, having been admitted on the court's personal finding of prima facie admissibility, is read or detailed to the jury by the witnesses; leaving to the jury, by an appropriate charge, the question as to whether it was in fact unlawfully obtained, for that duress, force, threats, or promises were employed, had, or made in its obtention.

■ Obviously, the hearing of the prima facie case and of the confession in the presence of the jury ordinarily is error, when the trial court finds that it was not lawfully obtained and then excludes it. The harm has already been done. In taking this method of hearing the evidence making for admissibility and in permitting the jury to hear the confession in a case where the facts, as matters of law, may render the confession inadmissible, the trial court acts, in a way, at his peril. If it turn out that he ruled right in deeming it admissible, no harm has been done. If he rules wrong, i. e., finds it inadmissible, error has been committed. So here the ultimate question is: Was the confession obtained in such wise as to make it admissible as a confession? We think it was, and therefore think there was no error. Error has been saved by the fact that, as it subsequently developed, the trial court correctly forecast the outcome; as he might well have done, from evidence heard and information obtained on a former trial of the case.

■ Here, as in the Hale Case, it is urged that the admission of the testimony of the witness Burkhart, to the effect that he had been the bearer of a message from Hale to Ramsey and of the nature of such message, constituted reversible error. This message strongly bore upon the charge that Ramsey as principal had, at the instigation of Hale as accessory, committed another murder, for that he had, by blowing up the residence of one Smith, killed the latter.

The admission of the above-mentioned message was, as said already, held in the Hale Case to be error for which that case should be, and was inter alia, reversed. Upon the point this court in the Hale Case said this:

"This testimony was evidently offered for the purpose of minimizing the impeachment of Burkhart by showing that his connection with the murder of Smith was of a less culpable nature, in that he did not himself participate in the actual killing. Whatever may be the merit of this purpose, it can scarcely be held to justify the unnecessary introduction of testimony tending to charge plaintiff in error with the commission of a crime entirely independent of that upon which he was being tried. We think the objection to the question, 'What was the message?' should have been sustained, and that the admission of the succeeding questions and answers constituted reversible error." Hale v. United States, 25 F.(2d) loc. cit. 440.

It is too plain for argument that, if the admission of the nature and contents of this message was error as to Hale, it was likewise error as to Ramsey; a fortiori, since Ramsey obviously was pointed out rather clearly as being the principal in the alleged murder of Smith; while Hale therein was an accessory only. At least, the admission of this evidence in a joint trial of Hale and Ramsey cannot be said to have hurt Hale one whit more than it hurt Ramsey. So we labor under the incumbent duty of either following the Hale Case, or of overruling it. We find no solid ground, under well-settled rules, for overruling the Hale Case, and so we must needs follow it.

It results that for the single error noted the case should be reversed and remanded for a new trial, which accordingly is ordered.